IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02221-BNB

CAROL ADAMS,

    Plaintiff,

v.

LIBERTY ACQUISITIONS LLC, and
DOES 1-100,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 1 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Carol Adams, has filed a *pro se* Complaint. The Court must construe the Complaint liberally because Ms. Adams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Adams will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and has determined that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v.*

***American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Although Ms. Adams asserts that Defendant Liberty Acquisitions LLC filed a frivolous and false claim against her in Arapahoe County Court, she fails to set forth a short and plain statement of the grounds on which the Court's jurisdiction depends. In other words, she fails to cite the statutory authority that allows this Court to consider the claims she is asserting in this action. Further, the Court needs an address for each named Defendant in order to effect service of process.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Ms. Adams should be given an opportunity to file an Amended Complaint. Accordingly, it is

ORDERED that Ms. Adams file, **within thirty days from the date of this Order**, an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Adams, together with a copy of this Order, two copies of a current Court-approved Complaint form. It is

FURTHER ORDERED that if Ms. Adams fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED September 21, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02221-BNB

Carol Adams
9123 E. Mississippi Ave. #10-202
Denver, CO 80247

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 9/21/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk