IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02221-BNB

CAROL ADAMS,

    Plaintiff,

v.

LIBERTY ACQUISITIONS, and
(DOES 1-10),

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 4 2009

GREGORY C. LANGHAM
                  CLERK

ORDER OF DISMISSAL

Plaintiff Carol Adams initiated this action by submitting to the Court a *pro se* Complaint, on September 16, 2009. Magistrate Judge Boyd N. Boland reviewed the Complaint and, on September 21, 2009, entered an order instructing Ms. Adams to amend the Complaint in keeping with Fed. R. Civ. P. 8. On October 16, 2009, Ms. Adams filed an Amended Complaint. The Court has reviewed the Amended Complaint and has determined that the Complaint and action should be dismissed.

The Court must construe the Amended Complaint liberally because Ms. Adams is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Amended Complaint and has determined that the Amended Complaint, like the Complaint Ms. Adams originally filed, is deficient because

it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland pointed out in the September 21, 2009, Order, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

Magistrate Judge Boland further pointed out that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He specifically noted that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He informed Ms. Adams that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He further informed Ms. Adams that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Finally, Ms. Adams was directed to submit an Amended Complaint on the court-approved Complaint form. The certificate of mailing from the September 21, 2009, Order, demonstrates that two copies of the current, Court-approved complaint form were mailed to Ms. Adams.

The Amended Complaint suffers from numerous deficiencies. First, Ms. Adams has failed to submit her amended complaint on the current, Court-approved form. In accordance with D.C.COLO.L.CivR 8.2A., a **pro se** party shall use the forms established by the Court to file an action. Fed. R. Civ. P. 83(a)(2) allows a federal district court's local rules to be enforced unless the failure to comply with a rule is "nonwillful." Ms. Adams was sent two copies of the current form, and was directed to submit her Amended Complaint on that form. There is no indication that Ms. Adams' failure to comply with this rule is "nonwillful."

Second, Ms. Adams again fails to provide a short and plain statement of her claims showing that she is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Her claims are bare and conclusory. She also again fails to provide a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Ms. Adams alleges diversity jurisdiction, "unfair business practices," and "wrongful entry," as grounds for the Court's jurisdiction. Amended Complaint at 1-2.

Ms. Adams apparently seeks to invoke the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, it does not appear that there is complete diversity in this action, as required pursuant to § 1332(a), because Ms. Adams alleges that both she and Defendant Liberty Acquisitions are residents of Colorado. Further, there is no indication that the amount in controversy exceeds $75,000.00, as required by § 1332(b), because Ms. Adams has previously indicated that she seeks the return of $6,000 in attorneys fees, and $1,104.87 in overpayment she made on a "personal loan." Complaint at 2, 13. Ms. Adams also does not indicate the statutory basis for her "unfair business practices" and "wrongful entry" claims. Amended Complaint at 2.

3

Therefore, Ms. Adams fails to assert proper jurisdiction for this Court to consider the claims that she asserts.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. See **Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Amended Complaint does not meet the requirements of Rule 8 and must be dismissed. The Court notes that the dismissal is without prejudice. Therefore, Ms. Adams may pursue her claims by initiating a new action that complies with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Complaint, the Amended Complaint, and the action are dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 4th day of Nov., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02221-BNB

Carol Adams
9123 E. Mississippi Ave. #10-202
Denver, CO 80247

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk